IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No. 2:06cv311.vpm |
| ] | |
| MONTGOMERY COUNTY ] | |
| COMMISSION, etc., et al., ] | |
| ] | |
| Defendants. ] | |

**MOTION TO DISMISS AND
MEMORANDUM BRIEF IN SUPPORT THEREOF
OF DEFENDANT D.T. MARSHALL**

**COMES NOW** Sheriff D.T. Marshall, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and moves this Court to dismiss all claims asserted against him in the Plaintiff's Complaint. Defendant shows as follows:

### I. Facts

On April 6, 2006, Plaintiff Mitchell Bracknell filed a Complaint against (1) the Montgomery County Commission; (2) Sheriff D.T. Marshall; and (3) several fictitious Defendants. (Complaint, ¶¶ 2-4)  Plaintiff claims that on January 6, 2005, he was incarcerated by the Circuit Court of Montgomery County, Alabama and sentenced for a period of six months. (Complaint, ¶ 5) Plaintiff further claims that he was allowed 37 days credit for time served and was due to be released on May 30, 2005. (Complaint, ¶ 5) Plaintiff claims that he was wrongfully incarcerated until July 12, 2005. (Complaint, ¶¶ 5-6) Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments.  (Complaint, Counts I-III)  Plaintiff also asserts state

law claims for negligence, negligent training, wantonness and willfulness. (Complaint, Count IV-VII)

## II. Standard of Review

"The appropriate standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 21 L. Ed. 2d 80 (1957). All facts set forth in the complaint are to be accepted as true and the court limits it consideration to the pleadings and exhibits attached thereto. *See* Fed. R. Civ. P. 10(c)." *G.S.W., Inc. v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

> Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, the court may dismiss a complaint pursuant to Fed. R. Civ. P.12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.

*Marshall County Bd. of Educ. v. Marshall Cy., Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993) (additional citations omitted).

Where, however, governmental officials sued in their individual capacities have asserted the defense of qualified immunity, the Eleventh Circuit has imposed a "heightened pleading requirement." *GJR Investments, Inc. v. Cy. of Escambia, FL,* 132 F.3d 1359, 1367 (11th Cir. 1998). In determining whether the plaintiff has stated a claim, the court is "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *Id.* at 1367.

Under the "heightened pleading requirement" the plaintiff's complaint must contain detailed allegations and specific facts concerning each defendant, which indicate what each defendant did that resulted in a violation of a clearly established federal right. *Taylor v. Alabama,* 95 F. Supp. 2d 1297, 1313 (M.D. Ala. 2000).  "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity . . ."  *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).

### III.  Argument

**A.  Plaintiff's federal official capacity claims against Sheriff Marshall must be dismissed because he has absolute immunity.**

To the extent Plaintiff asserts his federal claims against Sheriff Marshall in his official capacity, all such claims must be dismissed because Sheriff Marshall is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits in federal court against States and state officials in their official capacities.  *Kimel v. State of Florida Bd. of Regents,* 139 F.3d 1426, 1429 (11th Cir. 1998); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989).  Under Alabama law, sheriffs are state officers, and tort claims brought against sheriffs based on their official acts constitute suits against the State of Alabama.  *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989), *rev'd on other grounds, Turquitt v. Jefferson County,* 137 F.3d 1285 (11th Cir. 1998).   Accordingly, all federal claims against Sheriff Marshall in his official capacity are due to be dismissed.

**B.  All § 1983 claims against Sheriff Marshall in his official capacity must be dismissed because he is not a "person" under 42 U.S.C. § 1983.**

Plaintiff's §1983 claims against Defendant Marshall in his official capacity should also be dismissed because in his official capacity, Sheriff Marshall is not considered a

"person" subject to liability under 42 U.S.C § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L. Ed. 2d 45 (1989).

    **C.**    **Plaintiff has no cause of action under the Fourth and Fourteenth Amendments.**

Plaintiff's claims of illegal detention based on the Fourth and Fourteenth Amendments in Count I, II and III of the Complaint must also be dismissed because these amendments do not provide a cause of action for Plaintiff in this case. According to his Complaint, Plaintiff was sentenced to six months and was serving a sentence at the time of the acts of which he complains. (Complaint, ¶¶ 5-6) Because he had been convicted, Plaintiff's claims are not governed by the Fourth or the Fourteenth Amendments which apply to arrestees and pretrial detainees. *See, e.g., McCurry v. Moore,* 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002); *Armstrong v. Squadrito,* 152 F.3d 564, 570-571(7th Cir. 1998)(Fourth Amendment applies to period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates period of confinement after the initial determination of probable cause). Counts I, II and III of Plaintiff's Complaint, based on alleged violations of the Fourth and Fourteenth Amendments, should therefore be dismissed.

    **D.**    **Sheriff Marshall is entitled to qualified immunity.**

Sheriff Marshall is also entitled to qualified immunity with respect to the federal claims asserted against him in his individual capacity. For liability under § 1983, specific acts of personal involvement in the alleged constitutional deprivation must be shown. *Respondeat superior* liability is not cognizable under § 1983. *Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998). If a plaintiff's complaint does not allege that a defendant personally participated in the alleged constitutional

deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity. *Dalrymple v. Reno,* 34 F.2d 991, 996 (11th Cir. 2003); *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicate what each defendant did to violate the plaintiff's rights. "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity from claims under both §§ 1981 and 1983." *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998). According to the court in *Dalrymple*:

> In such cases, the complaint must allege the relevant facts "with some specificity." *Id.* "[M]ore than mere conclusory notice pleading is required....[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984); *see also Veney v. Hogan,* 70 F.3d 917, 922 (6th Cir. 1995)(holding that complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity"). Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inference drawn from those facts." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001). We must also keep in mind the fact that "[w]e generally accord . . . official conduct a presumption of legitimacy." *United States Dept. of State v. Ray,* 502 U.S. 164, 179, 112 S. Ct. 541, 550 , 116 L. Ed. 2d 526 (1991).

*Id.* at 996.

In the "Facts" section of the Complaint, Plaintiff does not mention Sheriff Marshall. The Complaint merely states that Plaintiff's requests for release were ignored by "jail personnel," (Complaint, ¶ 6), and that he "has been made to suffer mental anguish due to the malicious, intentional, and outrageous acts of Defendants." (Complaint, ¶ 7) Counts I and II of the Complaint assert § 1983 claims for violation of the Fourth Amendment against all Defendants. There is no mention of Sheriff Marshall in Count I and II, but instead the Plaintiff refers to the "Defendants." Plaintiff's Complaint therefore fails to set forth sufficient facts of any personal involvement of Defendant Marshall in the alleged constitutional deprivation complained of by Plaintiff. There is also no allegation demonstrating a causal connection between the acts or omissions of Sheriff Marshall and the Plaintiff's injuries. There is also no way to determine what acts Plaintiff claims are attributable to Marshall and what acts he claims are attributable to the Montgomery County Commission, or to the Fictitious Defendants. There are no allegations of fact directed toward Sheriff Marshall in any way demonstrating how, as a matter of proximate cause, what he actually did, when, where, and how his actions in any way contributed to the Plaintiff's damages. Plaintiff's claims in Count I and II of the Complaint therefore fail to satisfy the heightened pleading requirement in this circuit and must be dismissed. *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).

Count III purports to assert a Fourteenth Amendment claim against all of the Defendants as a result of "Defendant's negligent training of its police officers." (Complaint, ¶ 17) Again, this count does not even mention Sheriff Marshall. Assuming this count is directed against Sheriff Marshall for failing to train as a supervisor, it has no supporting facts or explanation as to how Sheriff Marshall's actions or omissions caused the Plaintiff's

damages. The allegation of supervisor liability against Marshall is not actually an allegation of fact as to anything he did or did not do, but is merely a broad, generalized legal conclusion, alleging that as a supervisor, he failed to train his subordinates. As a matter of pleading, there are insufficient facts alleged to support a theory of failure to train or supervise in Count III.

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their employees on the basis of *respondeat superior*. *Harley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999). Where, as here, the Plaintiff has alleged liability based on failure to train, liability is based on the supervisor's own action or inactions that caused the harm. *McCurry v. Moore,* 242 F. Supp. 2d 1167, 1177 (N.D. Fla. 2002). "To state a claim in § 1983 actions where a defendants/supervisor was not present when the alleged constitutional violation occurred, as here, the standard for imposing liability upon the supervisor is "extremely rigorous.'" *Adams v. Franklin*, 111 F. Supp. 1255, 1265 (M.D. Ala. 2000) (*quoting Braddy v. FL Dept. of Labor and Employment Security*, 133 F.3d at 802).

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

*Braddy*, 133 F.3d at 802 (*quoting Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); *see also, Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir. 1990)(sheriff's department could not be liable for the actions of a deputy unless there was evidence of a "history of

widespread prior abuse" such that the sheriff was "on notice of the need for improved training or supervision"); *Sims v. Glover*, 84 F. Supp. 2d 1273, 1284-85 (M.D. Ala. 1999).

Count III of Plaintiff's Complaint fails to allege that Defendant Marshall personally participated in the alleged constitutional violation. Although it does allege a failure to train, assuming Count III is directed against Sheriff Marshall, the Complaint fails to allege any widespread history of abuses at the Montgomery County Sheriff's Department that would have put a reasonable supervisor on notice of the need to correct the alleged constitutional deprivation. *Braddy,* 133 F.3d at 802; *Brown*, 906 F.2d at 671; *see also Gold v. City of Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998); *Gold v. City of Miami*, 121 F.3d 1442, 1447 (11th Cir. 1997); *Tennant v. State of Florida*, 111 F.Supp.2d 1326, 1332-33 (S.D. Fla. 2000). Plaintiff has certainly failed to allege any widespread history of abuses - in this case, any history of illegal detention of inmates - that was "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Braddy,* 133 F.3d at 802; *Brown,* 906 F.2d at 671. The Plaintiff also does not allege any affirmative custom or policy implemented by Sheriff Marshall that resulted in Plaintiff's illegal detention. Plaintiff also fails to allege that Sheriff Marshall instructed any of his subordinates to illegally detain the Plaintiff. Accordingly, Plaintiff simply fails to allege a causal connection required to impose supervisory liability against Sheriff Marshall. *See Cottone v. Jenne,* 326 F.3d 1352, 1362 (11th Cir. 2003).

The Complaint also fails to allege facts to demonstrate a constitutional violation in light of clearly established law at the time of the incident in question. To overcome a defense of qualified immunity, a plaintiff has a heavy burden that must be discharged

before a governmental official sued in his individual capacity can be compelled to participate in § 1983 litigation.

> This circuit has established stringent standards for a plaintiff seeking to overcome the affirmative defense of qualified immunity asserted by a government official in an individual capacity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "[Citations omitted] "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." [Citations omitted] "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances."

*Gonzales v. Lee County Housing Authority,* 161 F.3d 1290, 1295 (11th Cir. 1998). A plaintiff cannot defeat a qualified immunity defense by simply citing to general rules or abstract rights. *Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998). The burden is on the Plaintiff to establish that on July 12, 2005, there was case law sufficient to give Sheriff Marshall "fair warning" that his actions (as alleged in the Plaintiff's Complaint) violated the Plaintiff's constitutional rights. *Hope v. Pelzer,* 122 S.Ct. 2508, 2516 (2002). The Plaintiff is unable to sustain this burden. None of the preexisting case law as of July 12, 2005 gave fair warning to Sheriff Marshall that the bare, conclusory facts as alleged in Plaintiff's Complaint, violated clearly established law. Sheriff Marshall is therefore entitled to qualified immunity with respect to Plaintiff's federal claims against him.

E.   **<u>Any Section 1983 claims based on negligence must be dismissed</u>**.

In Count III, Plaintiff asserts a Fourteenth Amendment claim based on "negligent" training of police officers. To the extent Plaintiff alleges that Sheriff Marshall acted negligently, any such claim is not cognizable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986); *Ansley v. Heinrich*, 925 F.2d 1339, 1344 (11th Cir. 1991).

F.   **<u>The claims against Fictitious Defendants must be dismissed</u>**.

Plaintiff states that he is suing

> Fictitious Defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, and Z as designated in the caption of this Complaint and otherwise, are those persons, corporations, and other legal entities that caused, contributed to or conspired to have caused injury or damage to the Plaintiff and/or who are legally responsible for the injuries and damages to the Plaintiff and whose true and correct names are unknown at present but will be added by amendment when ascertained.

(Complaint, ¶ 4)  Some of the Plaintiff's allegations in the body of the Complaint also appear to be directed against fictitious defendants.  Plaintiff's description of these Defendants is not sufficiently clear to allow service of the Complaint on any particular person.  It appears that Plaintiff merely seeks to name fictitious defendants which is not allowed under the Federal Rules of Civil Procedure.  *See, e.g., New v. Sports & Recreation, Inc.* 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); *Adams v. Franklin,* 111 F. Supp.2d 1255, 1259 n. 3 (M.D. Ala. 2000).  All claims against fictitious defendants should therefore be dismissed.

**G.    Sheriff Marshall has absolute immunity with respect to Plaintiff's State Law claims.**

In Counts IV, V, VI and VII, Plaintiff asserts various state law claims against the Defendants. Sheriff Marshall is also entitled to absolute immunity with respect to these claims pursuant to Article I, § 14 Const. of Ala. 1901. *See Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir. 1996)("Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state"); *see also, Johnson v. Wright,* Docket No. 2-04-cv-117-F at * 19 (M.D. Ala. Oct. 17, 2005)("This court is subject to a binding interpretation of Alabama law under which sheriffs and their deputies are absolutely immune from state law claims in their individual and official capacities, even if they are sued for actions that are malicious, intentional or otherwise outside the scope of their authority.")

**WHEREFORE, THE PREMISES CONSIDERED,** Defendant Sheriff Marshall respectfully requests that this Court dismiss each count of the Plaintiff's Complaint against him and award him any other relief to which he may be entitled.

      /s/ Constance C. Walker
Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendant Montgomery
County Commission

**OF COUNSEL:**
**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone:   (334) 265-8573
Facsimile:     (334) 264-7945

**CERTICATE OF SERVICE**

  I hereby certify that on the **26th** day of **April, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, PC
Post Office Box 230894
Montgomery, Alabama 36123-0894
(334) 271-1555
(334) 271-1552 (Facsimile)
jshooper@knology.net


             /s/ Constance C. Walker
             Of Counsel