IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, | * |
| Plaintiff, | * |
| v. | *  Civil Action Number: 2:06cv3111-VPM |
| THE COUNTY COMMISSION OF MONTGOMERY COUNTY, ALABAMA; SHERIFF D.T. MARSHALL; AND A-Z Fictitious Defendants, | * |
| Defendants. | * |

**MOTION TO DISMISS AND MEMORANDUM BRIEF IN SUPPORT
THEREOF OF DEFENDANT MONTGOMERY COUNTY COMMISSION**

COMES NOW Defendant Montgomery County Commission, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and moves this Court to dismiss all claims asserted against it in the Plaintiff's Complaint. Defendant shows as follows:

## I. FACTS

On April 6, 2006, Plaintiff Mitchell Bracknell filed a Complaint against (1) the Montgomery County Commission; (2) Sheriff D.T. Marshall; and (3) several fictitious Defendants. (Complaint, ¶¶ 2-4) Plaintiff claims that on January 6, 2005, he was incarcerated by the Circuit Court of Montgomery County, Alabama and sentenced for a period of six months. (Complaint, ¶ 5) Plaintiff further claims that he was allowed 37 days credit for time served and was due to be released on May 30, 2005. (Complaint, ¶ 5) Plaintiff claims that he was wrongfully incarcerated until July 12, 2005. (Complaint, ¶¶ 5-6) Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments. (Complaint, Counts I- III) Plaintiff also

asserts state law claims for negligence, negligent training, wantonness and willfulness. (Complaint, Counts IV – VII).

## II. STANDARD OF REVIEW

"The appropriate standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 21 L.Ed.2d 80 (1957). All facts set forth in the Complaint are to be accepted as true and the court limits it consideration to the pleadings and exhibits attached thereto. *See* Fed. R. Civ. P. 10(c)." *G.S.W., Inc. v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Powell v. U.S.*, 945 F.2d 374 (11th Cir. 1991). Accordingly, the court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (additional citations omitted).

## III. ARGUMENT

### A. The Montgomery County Commission is not a proper defendant.

Plaintiff asserts several federal and state law claims against Defendant Montgomery County Commission based on the improper detention of the Plaintiff at the Montgomery County Detention Facility, and the alleged negligent training of the Montgomery County Sheriff and his employees. All of these claims against Defendant Montgomery County Commission are due to be dismissed because counties have no

responsibility for the day-to-day operation of county jails or for supervising the Sheriff or his employees.

In *Turquitt v. Jefferson County,* 137 F.3d 1285, 1291-92 (11th Cir. 1998), the estate of a pretrial detainee in a county jail who was fatally injured in a fight with another inmate filed § 1983 claims against Jefferson County claiming inadequate supervision over inmates, overcrowding, and improper classification of inmates, all of which allegedly caused the inmate's death. *Id.* at 1286-1287. The court noted that under Alabama law, it was the duty of sheriffs "to ensure that inmates do not come to harm, to develop a policy of controlling inmate violence, and to staff the jail with appropriately trained jailors." *Id.* at 1288. The issue therefore was whether the sheriff functioned as a county policymaker when he took these actions which would make the county liable for his actions. *Id.* The court held that Alabama sheriffs are not county policymakers in their daily management of county jails for purposes of 42 U.S.C. § 1983. *Id.* at 1290-91.

The court also noted that under Alabama law, the jailers were employees of the sheriff, not the county. *Id.*; Ala. Code § 14-6-105 (1975); *King v. Colbert County*, 620 So. 2d 623 (Ala. 1993); *Lockridge v. Etowah County Commn.*, 460 So. 2d 1361 (Ala. Civ. App. 1984). A sheriff appoints, directs and controls the jailers who work at the jail. Ala. C*ode* § 14-6-105 (1975); *Turquitt,* 137 F.3d at 1289*.* "Under the Alabama Code, the Sheriff has control over the inmates at the jail, the employees of the jail and the jail itself." *Turquitt,* 137 F.3d at 1289. Counties have no authority to hire, fire or manage the sheriff's employees. *Id; Lockridge v. Etowah County Commn.,* 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984); *Terry v. Cook,* 866 F.2d 373, 379 (11th Cir. 1989). A

sheriff's authority over his employees and the jail is totally independent of a county commission. *Turquitt*, 137 F.3d at 1289-1290.

The court further noted that although Alabama counties possessed some duties with respect to county jails, none of these duties pertained to the "daily operation of the jails or to the supervision of inmates."

> The duties of the counties with respect to the jails "are limited to funding the operation of the jail and to providing facilities to house the jail." *Stark v. Madison County,* 678 So. 2d 787, 787 (Ala. Civ. App. 1996). The county commission is charged with erecting and maintaining jails, and each county is required to maintain a jail of sufficient size and strength to secure the prisoners. Ala. Code §§ 11-14-10, 11-14-13 (1989). In construing these provisions, the Alabama courts have made it clear that the duty of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail. The duty to "maintain a jail" under § 11-14-10 is merely the duty to keep the "jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Keeton v. Fayette County,* 558 So. 2d 884, 886 (Ala. 1989).

*Id*. at 1289-90.

Plaintiff's claims seeking to hold the Montgomery County Commission liable for the actions of the Sheriff or his correctional officers for Plaintiff's alleged improper detention, or the claim for negligent training of the Sheriff and his officers, must be dismissed. As expressed in *Turquitt,* the Montgomery County Commission has no responsibility for the daily operation of Montgomery County Detention Facility. The Montgomery County Commission also does not manage the Sheriff or his employees who work at the jail. The Sheriff is also not a policymaker for Montgomery County with respect to the operation of the jail. *Turquitt,* 137 F.3d at 1290-91. There is also no *respondeat superior* liability under 42 U.S.C. § 1983. *Monell v. Dept. of Social Serv.*,

436 U.S. 658 (1978). Accordingly, all claims against Defendant Montgomery County Commission are due to be dismissed.

### B. **Plaintiff's claim for punitive damages must be stricken**.

Plaintiff's claims for punitive damages must also be dismissed. Punitive damages may not be recovered against a county pursuant to 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Colvin v. McDougall,* 62 F.3d 1316, 1319 (11th Cir. 1995); *Scott v. Estes,* 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999). Under state law, punitive damages against a county are also barred. Ala. Code § 6-11-26 (1975). Plaintiff's prayer for punitive damages against the Montgomery County Commission should therefore be dismissed.

### C.   **The claims against Fictitious Defendants must be dismissed**.

Plaintiff states that he is suing

> Fictitious Defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, and Z as designated in the caption of this Complaint and otherwise, are those persons, corporations, and other legal entities that caused, contributed to or conspired to have caused injury or damage to the Plaintiff and/or who are legally responsible for the injuries and damages to the Plaintiff and whose true and correct names are unknown at present but will be added by amendment when ascertained.

(Complaint, ¶ 4) Some of the Plaintiff's allegations in the body of the Complaint also appear to be directed against fictitious defendants. Plaintiff's description of these Defendants is not sufficiently clear to allow service of the Complaint on any particular person. It appears that Plaintiff merely seeks to name fictitious defendants which is not allowed under the Federal Rules of Civil Procedure. *See, e.g., New v. Sports & Recreation, Inc.* 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); *Adams v. Franklin,* 111 F.

Supp.2d 1255, 1259 n. 3 (M.D. Ala. 2000). All claims against fictitious defendants should therefore be dismissed.

**WHEREFORE, THE PREMISES CONSIDERED,** Defendant Montgomery County Commission respectfully requests that this Court dismiss the Plaintiff's Complaint against it and award Defendant any other relief to which it may be entitled.

    /s/ Constance C. Walker
Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendant Montgomery
County Commission

**OF COUNSEL:**
**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone:  (334) 265-8573
Facsimile:  (334) 264-7945

## CERTICATE OF SERVICE

I hereby certify that on the **26th** day of **April, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, PC
Post Office Box 230894
Montgomery, Alabama 36123-0894
(334) 271-1555
(334) 271-1552 (Facsimile)
jshooper@knology.net

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    /s/   Constance C. Walker
Of Counsel