IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MITCHELL BRACKNELL** | § | |
| | § | |
| PLAINTIFF | § | **JURY TRIAL DEMANDED** |
| | § | |
| VS | § | **CASE NO. 06-311- VMP** |
| | § | |
| **GINA M. SAVAGE, DIRECTOR OF** | § | |
| **MONTGOMERY COUNTY** | § | |
| **DETENTION FACILITY** | § | |
| | § | |
| DEFENDANT | § | |

## AMENDED COMPLAINT

**COMES NOW Plaintiff Mitchell Bracknell, by and through his attorney, and amends the original complaint in its entirety and substitutes the same for this amended complaint as a more definite statement of the issues, and realigns the parties as shown herein and would show unto the Court as follows**:

## COMPLAINT

**COMES NOW, the Plaintiff Mitchell Bracknell, in the above styled case and makes claim against the Director of the Montgomery Detention Facility, Gina M. Savage in her individual capacity and as a Montgomery County Employee in the position to manage other employees in the operation of the Detention Facility:**

1

## JURISDICTION

This Court has jurisdiction of this case pursuant to 42 U.S.C. §§1983;1988;28 U.S.C. §§1331, 1343 (a) ( 3 & 4) and the Fourth Amendment and Fourteenth Amendment of the United States Constitution. The Plaintiff also requests this Honorable Court to accept pendent jurisdiction of any and all claims arising out of state law pursuant to 28 U.S.C. §1367.

## PARTIES

1.      The Plaintiff, Mitchell Bracknell, hereinafter referred to as Bracknell or Plaintiff is over the age of nineteen and a resident of Montgomery, Alabama.

2.      The Defendant is an employee of the Montgomery County Sheriff's Department and Director of the Montgomery Detention Facility subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "Savage".

## FACTS

2.      On January 6, 2005 the Plaintiff was incarcerated by the Circuit Court of Montgomery County and sentenced for a period of six months. Plaintiff was allowed 37 days credit for time served. Plaintiff was due to be released on May 30, 2005 but was not released until July 12, 2005. There was no justifiable reason to keep Plaintiff incarcerated beyond May 30, 2005.

4.      After May 30, 2005, Plaintiff Bracknell had begged and pleaded with the jail personnel who are trained and managed by the Defendant to check on his release date and his requests were ignored by the same. Thereafter, Plaintiff took affirmative actions by writing to the Clerk of the Circuit Court for help in

2

**acquiring a release after the incarcerated period of time for his sentencing had lapsed. Plaintiff had been wrongfully held for approximately 42 days beyond his sentencing. Plaintiff was wrongfully detained by Defendant.**

**5.     Plaintiff has been wrongfully detained, denied freedom, denied the comforts of his home, denied the companionship of his wife, denied the companionship of his family, denied the opportunity to work, denied the opportunity to provide for his family, been beaten by other inmates during the wrongful detention period, been made to suffer the frustration of incarceration after his sentencing was completed. Plaintiff has been made to suffer mental anguish due to the malicious, intentional, and outrageous acts of Defendants.**

## COUNT ONE
## 42 U.S.C. SECTION 1983
## VIOLATION OF CIVIL RIGHTS

**6.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.**

**7.     All citizens are entitled to protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.**

**8.     The actions of the Defendant named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful detention in a government detention facility and is a seizure upon the person of the Plaintiff without cause or justification.**

9.      The actions of Defendant named in this action have violated and deprived Plaintiff of his Fourteenth Amendment rights in that the wrongful detention of Plaintiff violate Plaintiff's rights of due process. Plaintiff has been injured and damaged as stated in paragraph seven above.

**WHEREFORE, Plaintiff demands compensation damages in the amount of Two Million Dollars, punitive damages as a jury deems reasonable, attorney's fees, plus costs.**

## COUNT TWO
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

10.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

11.     All citizens possess protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

12.     The actions of the Defendants named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful detention as a seizure upon the person of the Plaintiff without cause or justification.

13.     As a result of the actions of Defendants, Plaintiff has been injured and damaged as described in paragraph seven above.

**WHEREFORE, Plaintiff demands compensation damages in the amount of Two Million Dollars, punitive damages as a jury deems reasonable, attorney's fees, plus costs.**

## COUNT THREE
## VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

**14.** Plaintiff realleges the prior paragraphs into this count as if stated herein in full.

**15.** As a result of Defendant's negligent training of its police officers, Defendant's actions against Bracknell were an action of conscious disregard for the consequences to Plaintiff in violation of Plaintiff's Fourteenth Amendment Rights.

**16.** Defendants actions were unreasonable and unjustified.

**17.** Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.

**WHEREFORE, Plaintiff demands compensation damages in the amount of Two Million Dollars, punitive damages as a jury deems reasonable, and such other and different relief as this Court deems proper, plus costs.**

## COUNT FOUR
## NEGLIGENCE

**18.** Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

**19.** Defendant Savage and her employees have a duty to carry out the orders of the Court in the matters of detention of its inmates. Defendant has a duty to hold as well as release inmates when the incarcerated persons have fulfilled their sentencing.

5

**20.**     Defendant conducted herself in a manner below that standard of care inadvertently and with indifference in the seizure of Bracknell and did breach the duty owed to Plaintiff Bracknell and the public at large.

**21.** As a result of the breach of the duty owed to Bracknell by Defendant, Bracknell has been injured and damaged.

**22.** Plaintiff Bracknell has been injured and damaged as stated in paragraph seven above.

**WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.**

### COUNT FIVE
### WANTONNES

**23.**     Plaintiff realleges the prior paragraphs into this count as if stated herein in full.

**24.**     As a result of Defendant Savage's negligent training of its police officers, Defendant's actions against Bracknell were intentional in that Savage intended to incarcerate Plaintiff, cause harm, and deny freedom to Plaintiff. Defendant Savage and her employees actions prevail in an action of conscious disregard for the consequences to Plaintiff.

**25.**     Defendants actions were unreasonable and unjustified in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

6

**26.    Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.**

**WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.**

## COUNT SIX
## WILLFULNESS

**27.    Plaintiff realleges the prior paragraphs in this count as if stated herein in full.**

**28.    Defendant's actions against Bracknell were intentional in that Defendant's actions are intentional and did incarcerate Plaintiff, cause harm, injure and deny freedom to Plaintiff wrongfully.**

**WHEREFORE, Plaintiff demands of Defendant a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.**

          /s/ J. Scott Hooper
          J. Scott Hooper, Attorney for Plaintiff

**of counsel:**
**The Hooper Law Firm, PC**
**P.O. Box 230894**
**Montgomery, AL 36123-0894**
**334-271-1555 Office**
**334-271-1552 Facsimile**
**jshooper@knology.net**

**JURY DEMAND VENUE AND JURISDICTION**

**Plaintiff demands trial by jury on all counts of this action. This court has jurisdiction of the subject matter of this claim and the parties named herein and venue is proper.**

                                                        /s/ J. Scott Hooper
                                                        **J. Scott Hooper, Attorney for Plaintiff**