**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

MITCHELL BRACKNELL,                      )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )        **Civil Action No. 2:06cv311.vpm**
                                         )
MONTGOMERY COUNTY                        )
COMMISSION, etc., et al.,                )
                                         )
    Defendants.                          )

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT GINA M. SAVAGE

**COMES NOW** Defendant Gina M. Savage, pursuant to Rule 12(b)(6), Fed. R. Civ.

P., and moves this Court to dismiss all claims asserted against her in the Plaintiff's

Amended Complaint. Defendant shows as follows:

### I. Facts

On April 6, 2006, Plaintiff Mitchell Bracknell filed a Complaint against (1) the

Montgomery County Commission; (2) Sheriff D.T. Marshall; and (3) several fictitious

Defendants. (Complaint, ¶¶ 2-4) Plaintiff subsequently amended his Complaint to assert

claims only against Defendant Gina M. Savage, the Director of the Montgomery County

Detention Facility. (Am. Complaint , ¶ 2)

Plaintiff claims that on January 6, 2005, he was incarcerated by the Circuit Court of

Montgomery County, Alabama and sentenced for a period of six months. (Am. Complaint,

p. 2, Facts, ¶ 2) Plaintiff further claims that he was allowed 37 days credit for time served

and was due to be released on May 30, 2005. (Id.) Plaintiff claims that he was wrongfully

incarcerated until July 12, 2005. (Id.) Plaintiff asserts federal claims pursuant to 42 U.S.C.

§ 1983 alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution. (Am. Complaint, Counts I-III)  Plaintiff also asserts state law claims for negligence, wantonness and willfulness. (Complaint, Count IV-VI)

## II. **Standard of Review**

"The appropriate standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 21 L. Ed. 2d 80 (1957). All facts set forth in the complaint are to be accepted as true and the court limits it consideration to the pleadings and exhibits attached thereto. *See* Fed. R. Civ. P. 10(c)." *G.S.W., Inc. v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

> Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, the court may dismiss a complaint pursuant to Fed. R. Civ. P.12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.

*Marshall County Bd. of Educ. v. Marshall Cy., Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993) (additional citations omitted).

Where, however, governmental officials sued in their individual capacities have asserted the defense of qualified immunity, the Eleventh Circuit has imposed a "heightened pleading requirement." *GJR Investments, Inc. v. Cy. of Escambia, FL,* 132 F.3d 1359, 1367 (11th Cir. 1998).  In determining whether the plaintiff has stated a claim, the court is "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *Id.* at 1367.

Under the "heightened pleading requirement" the plaintiff's complaint must contain detailed allegations and specific facts concerning each defendant, which indicate what each defendant did that resulted in a violation of a clearly established federal right. *Taylor v. Alabama,* 95 F. Supp. 2d 1297, 1313 (M.D. Ala. 2000). "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity . . ." *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).

### III. Argument

A. **Plaintiff's federal official capacity claims against Defendant Savage must be dismissed because she has absolute immunity.**

To the extent Plaintiff asserts federal claims against Defendant Savage in her official capacity as Director of the Montgomery County Detention Facility, all such claims must be dismissed because Defendant Savage is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment prohibits suits in federal court against States and state officials in their official capacities. *Kimel v. State of Florida Bd. of Regents,* 139 F.3d 1426, 1429 (11th Cir. 1998); *Parker v. Williams,* 862 F.2d 1471 (11th Cir. 1989). Under Alabama law, sheriffs and their jailers are state officers, and tort claims brought against them based on their official acts constitute suits against the State of Alabama. *Turquitt v. Jefferson County,* 137 F.3d 1285, 1289 (11th Cir. 1998); *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997). Accordingly, all federal claims against Defendant Savage in her official capacity are due to be dismissed because she has immunity under the Eleventh Amendment.

**B.** **All § 1983 claims against Defendant Savage in her official capacity must be dismissed because she is not a "person" under 42 U.S.C. § 1983.**

Plaintiff's §1983 claims against Defendant Savage in her official capacity should also be dismissed because in her official capacity, Defendant Savage is not considered a "person" subject to liability under 42 U.S.C § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L. Ed. 2d 45 (1989).

**C.** **Plaintiff has no cause of action under the Fourth and Fourteenth Amendments.**

Plaintiff's claims of illegal detention based on the Fourth and Fourteenth Amendments in Count I, II and III of the Complaint must also be dismissed because these amendments do not provide a cause of action for Plaintiff in this case. According to his Complaint, Plaintiff was sentenced to six months and was serving a sentence at the time of the acts of which he complains. (Complaint, ¶¶ 5-6) Because he had been convicted, Plaintiff's claims are not governed by the Fourth or the Fourteenth Amendments which apply to arrestees and pretrial detainees. *See, e.g., McCurry v. Moore,* 242 F. Supp. 2d 1167, 1179 (N.D.Fla. 2002); *Armstrong v. Squadrito,* 152 F.3d 564, 570-571(7th Cir. 1998)(Fourth Amendment applies to period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates period of confinement after the initial determination of probable cause). Counts I, II and III of Plaintiff's Complaint, based on alleged violations of the Fourth and Fourteenth Amendments, should therefore be dismissed.

**D.** **Defendant Savage is entitled to qualified immunity.**

Defendant Savage is also entitled to qualified immunity with respect to the federal claims asserted against her in her individual capacity. For liability under § 1983, specific

acts of personal involvement in the alleged constitutional deprivation must be shown. *Respondeat superior* liability is not cognizable under § 1983. *Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d 797, 801 (11th Cir. 1998). If a plaintiff's complaint does not allege that a defendant personally participated in the alleged constitutional deprivation, it should demonstrate an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation in order to state a cause of action under § 1983. *Braddy,* 133 F.3d at 801-802.

The Eleventh Circuit has also imposed a "heightened pleading requirement" on plaintiffs when evaluating claims of qualified immunity. *Dalrymple v. Reno,* 34 F.2d 991, 996 (11th Cir. 2003); *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998). This requires that the plaintiff's complaint contain detailed allegations and specific facts concerning each defendant, which indicate what each defendant did to violate the plaintiff's rights. "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity from claims under both §§ 1981 and 1983." *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998). According to the court in *Dalrymple*:

> In such cases, the complaint must allege the relevant facts "with some specificity." *Id.* "[M]ore than mere conclusory notice pleading is required....[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984); *see also Veney v. Hogan,* 70 F.3d 917, 922 (6th Cir. 1995)(holding that complaint must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity"). Moreover, in reviewing a motion to dismiss, we need only accept "well-pleaded facts" and "reasonable inference drawn from those facts." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992). "[U]nsupported conclusions of law or of mixed fact and law

> have long been recognized not to prevent a Rule 12(b)(6)
> dismissal." *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16
> (11th Cir. 2001). We must also keep in mind the fact that "[w]e
> generally accord . . . official conduct a presumption of
> legitimacy." *United States Dept. of State v. Ray,* 502 U.S. 164,
> 179, 112 S. Ct. 541, 550 , 116 L. Ed. 2d 526 (1991).

*Id.* at 996.

In the "Facts" section of the Complaint, Plaintiff alleges that he "begged and pleaded with the jail personnel who are trained and managed by the Defendant to check on his release date and his requests were ignored by the same." (Am. Complaint, ¶ 4) This is the only allegation of wrongdoing that has been asserted against Defendant Savage in entire Amended Complaint.

Counts I and II of the Complaint assert § 1983 claims for violations of the Fourth Amendment against Defendant Savage. There is no allegation of wrongdoing against Defendant Savage in Counts I and II, nor any description of any personal involvement of Savage in any alleged wrongdoing.    Counts I and II of Plaintiff's Amended Complaint therefore fail to set forth sufficient facts of any personal involvement of Defendant Savage in the alleged Fourth Amendment constitutional deprivation complained of by Plaintiff. There is also no allegation demonstrating a causal connection between the acts or omissions of Defendant Savage and the Plaintiff's injuries. There are also no allegations of fact directed toward Defendant Savage in any way demonstrating how, as a matter of proximate cause, what she actually did, when, where, and how her actions in any way contributed to the Plaintiff's damages. Plaintiff's claims in Count I and II of the Complaint therefore fail to satisfy the heightened pleading requirement in this circuit and must be dismissed. *Smith v. Alabama,* 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).

Count III asserts a claim for violation of the Fourteenth Amendment; however, there is likewise no allegation of personal involvement of Defendant Savage in Count III. The only mention of Defendant Savage in Count III is Plaintiff's claim that as a result of "Defendant's negligent training of its police officers, Defendant's actions against Bracknell were an action of conscious disregard for the consequences to Plaintiff in violation of Plaintiff's Fourteenth Amendment Rights." (Am. Complaint, ¶ 15) Count III has no supporting facts or explanation as to how Defendant Savage's actions or omissions caused the Plaintiff's damages. The allegation of supervisor liability against Savage is not actually an allegation of fact as to anything she did or did not do, but is merely a broad, generalized legal conclusion, alleging that as a supervisor, she negligently trained her subordinates. As a matter of pleading, there are insufficient facts alleged to support a theory of failure to train or supervise in Count III.

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their employees on the basis of *respondeat superior. Harley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999). "To state a claim in § 1983 actions where a defendants/supervisor was not present when the alleged constitutional violation occurred, as here, the standard for imposing liability upon the supervisor is "extremely rigorous."" *Adams v. Franklin*, 111 F. Supp. 1255, 1265 (M.D. Ala. 2000) (*quoting Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d at 802).

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse

> sufficient to notify the supervising official must be obvious,
> flagrant, rampant, and of continued duration, rather than
> isolated occurrences.

*Braddy*, 133 F.3d at 802 (*quoting Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990));
*see also, Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir. 1990)(sheriff's department
could not be liable for the actions of a deputy unless there was evidence of a "history of
widespread prior abuse" such that the sheriff was "on notice of the need for improved
training or supervision"); *Sims v. Glover*, 84 F.Supp. 2d 1273, 1284-85 (M.D. Ala. 1999).

Count III of Plaintiff's Complaint fails to allege that Defendant Savage personally
participated in the alleged constitutional violation. Although it does allege "negligent
training," (Am. Complaint, paragraph 15), the Complaint fails to allege any widespread
history of abuses at the Montgomery County Sheriff's Department that would have put a
reasonable supervisor on notice of the need to correct the alleged constitutional
deprivation. *Braddy,* 133 F.3d at 802; *Brown*, 906 F.2d at 671; *see also Gold v. City of
Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998); *Gold v. City of Miami*, 121 F.3d 1442,
1447 (11th Cir. 1997); *Tennant v. State of Florida*, 111 F.Supp.2d 1326, 1332-33 (S.D. Fla.
2000). Plaintiff has certainly failed to allege any widespread history of abuses - in this
case, any history of illegal detention of inmates - that was "obvious, flagrant, rampant, and
of continued duration, rather than isolated occurrences." *Braddy,* 133 F.3d at 802; *Brown,*
906 F.2d at 671.

The Plaintiff also does not allege any affirmative custom or policy implemented by
Defendant Savage that resulted in Plaintiff's illegal detention. *Rivas v. Freeman*, 950 F. 2d
1491, 1495 (11th Cir. 1991). Accordingly, Plaintiff simply fails to allege a causal connection

required to impose supervisory liability against Defendant Savage. *See Cottone v. Jenne,*

326 F.3d 1352, 1362 (11th Cir. 2003).

The Complaint also fails to allege facts to demonstrate a constitutional violation in

light of clearly established law at the time of the incident in question. To overcome a

defense of qualified immunity, a plaintiff has a heavy burden that must be discharged

before a governmental official sued in his individual capacity can be compelled to

participate in § 1983 litigation.

> This circuit has established stringent standards for a plaintiff
> seeking to overcome the affirmative defense of qualified
> immunity asserted by a government official in an individual
> capacity. "Qualified immunity protects government officials
> performing discretionary functions from civil trials (and the
> other burdens of litigation, including discovery) and from
> liability if their conduct violates no 'clearly established statutory
> or constitutional rights of which a reasonable person would
> have known.' "[Citations omitted] "For the law to be clearly
> established to the point that qualified immunity does not apply,
> the law must have earlier been developed in such a concrete
> and factually defined context to make it obvious to all
> reasonable government actors, in the defendant's place, that
> 'what he is doing' violates federal law." [Citations omitted] "For
> qualified immunity to be surrendered, pre-existing law must
> dictate, that is, truly compel (not just suggest or allow or raise a
> question about), the conclusion for every like-situated,
> reasonable government agent that what defendant is doing
> violates federal law in the circumstances."

*Gonzales v. Lee County Housing Authority,* 161 F.3d 1290, 1295 (11th Cir. 1998). A

plaintiff cannot defeat a qualified immunity defense by simply citing to general rules or

abstract rights. *Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998). The burden is on

the Plaintiff to establish that on July 12, 2005, there was case law sufficient to give

Defendant Savage "fair warning" that her actions (as alleged in the Plaintiff's Amended

Complaint) violated the Plaintiff's constitutional rights. *Hope v. Pelzer,* 122 S.Ct. 2508,

2516 (2002). The Plaintiff is unable to sustain this burden. None of the preexisting case law as of July 12, 2005 gave fair warning to Defendant Savage that the bare, conclusory facts as alleged in Plaintiff's Amended Complaint, were violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments. Defendant Savage is therefore entitled to qualified immunity with respect to Plaintiff's federal claims.

## E. **Any Section 1983 claims based on negligence must be dismissed.**

In Count III, Plaintiff asserts a Fourteenth Amendment claim based on "negligent" training of police officers." To the extent Plaintiff alleges that Defendant Savage acted negligently, any such claim is not cognizable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986); *Ansley v. Heinrich*, 925 F.2d 1339, 1344 (11th Cir. 1991).

## F.    **Defendant Savage has absolute immunity with respect to Plaintiff's State Law claims.**

In Counts IV, V and VI of the Amended Complaint, Plaintiff asserts state law claims for negligence, wantonness and willfulness against Defendant Savage. Plaintiff seeks only monetary damages, not injunctive relief.

Plaintiff's state law claims should be dismissed because Defendant Savage is entitled to absolute immunity pursuant to Article I, § 14 *Const. of Ala. 1901. Lancaster,* 116 F.3d at 1431; *Vinson v. Clarke County,* 10 F.Supp. 2d 1282, 1305 (S.D. Ala. 1998). The only exceptions to state immunity for state officers are those actions that are brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under a mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of a statute.

*Vinson,* 10 F.Supp. 2d at 1305. *See also, Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir.

1996); *Johnson v. Wright,* Docket No. 2:04-CV-117-F (M.D. Ala. Oct. 17, 2005); *Adams v.*

*Franklin,* 111 F.Supp. 2d 1255, 1272-73 (M.D. Ala. 2000); *Parker v. Amerson,* 519 So. 2d

442, 443 (Ala. 1987).

Plaintiff does not seek injunctive or declaratory relief. Plaintiff seeks only monetary

damages. Accordingly, none of the above exceptions apply. This Court must find

Defendant Savage immune from suit on Plaintiff's state law claims.

Defendant Savage would also be entitled to State-agent immunity under *Ex parte*

*Cranman*, 792 So. 2d 392. 405 (Ala. 2000). Under *Cranman*, state officials are given

immunity in the exercise of judgment in executing their work responsibilities. *Ex parte*

*Hayles*, 852 So. 2d 117, 122 (ala. 2002). According to the *Cranman* court:

> "A State-agent *shall* be immune from civil liability in his or her personal capacity
> when the conduct made the basis of the claim against the agent is based upon the
> agent's:
>
> (1)    formulating plans, policies, or designs; or
> (2)    exercising his or her judgment in the administration of a department or
>        agency of government, including but not limited to, examples such as:
>        a) making administrative adjudication;
>        b) allocating resources;
>        c) negotiating contracts;
>        d) hiring, firing, transferring, assigning, or supervising personnel; or
> (3)    discharging duties imposed on a department or agency by statute, rule, or
>        regulation, insofar as the statute, rule, or regulation prescribed the manner
>        for performing the duties and the State agent performs the duties in that
>        manner; or
> (4)    exercising judgment in the enforcement of the criminal laws of the State,
>        including, but not limited to, law-enforcement officers' arresting or attempting
>        to arrest persons; or
> (5)    exercising judgment in the discharge of duties imposed by statute, rule, or
>        regulation in releasing prisoners, counseling or releasing persons of unsound
>        mind, or educating students.

*Id. at 405.*

Clearly, based on the allegations of Plaintiff's Amended Complaint, Defendant Savage was exercising judgment in the execution of her work responsibilities under categories (1), (2)(d), (4) and (5).

**WHEREFORE, THE PREMISES CONSIDERED,** Defendant Savage respectfully requests that this Court dismiss each count of the Plaintiff's Complaint against her and award her any other relief to which she may be entitled.

Thomas T. Gallion, III (GAL010)
Constance C. Walker (WAL144)
Attorneys for Defendant Gina M. Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone:    (334) 265-8573
Facsimile:    (334) 264-7945

## CERTICATE OF SERVICE

I here by certify that I have served a copy of the foregoing upon the following counsel by placing a copy of the same in the United States mail, postage prepaid, this the $\mathcal{21}$ day of June, 2006:

J. Scott Hooper
The Hooper Law Firm, PC
Post Office Box 230894
Montgomery, Alabama 36123-0894
(334) 271-1555
(334) 271-1552 (Facsimile)

Of Counsel