IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 JUL 19 P 3: 43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MITCHELL BRACKNELL | § | |
| | § | |
| PLAINTIFF | § | JURY TRIAL DEMANDED |
| | § | |
| VS | § | CASE NO. 06-311- VMP |
| | § | |
| GINA M. SAVAGE, DIRECTOR OF | § | |
| MONTGOMERY COUNTY | § | |
| DETENTION FACILITY | § | |
| | § | |
| DEFENDANT | § | |

## OBJECTION TO DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDA OF LAW

COMES Now Plaintiff and objects to the Motion to Dismiss by Defendant and shows unto this Honorable Court as follows:

Defendant has filed a motion to dismiss and supporting brief for said motion.

Defendant's brief in short is claiming qualified immunity on behalf of Gina Savage and all counts against Defendant Gina Savage are to be dismissed.

Plaintiff disagrees and shows unto this Honorable Court that Defendant Gina Savage's conduct disqualifies her for said immunity and Defendant's Motion to Dismiss the claims against her be DENIED.

### Brief in Support of Plaintiff's Position as to Qualified Immunity

Plaintiff relies on *Marsh v Butler County, Alabama*, 268 F. 3d 1014 (11th Cir. 09-26/2001) which addressed in great detail the issue of qualified immunity.

[As to Defendant's 12 (b)(6) Motion to Dismiss, the court shows[ For the sufficiency of the complaint, the Supreme Court has given us this guidance: "a complaint should not be

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 102 (1957).]

The facts in this matter brought in the complaint address the conduct of Gina Savage in allowing or failing to release Plaintiff on the due date of his scheduled release of May 30, 2005. Mitchell Bracknell further begged and pleaded with the subordinates of Gina Savage to release him when May 30, 2005 was past and no action was taken by Defendant Gina Savage when Plaintiff made known to the detention employees that he was being retained wrongfully.

It was not until Plaintiff took it upon himself to write a letter to the Clerk of Circuit Court in Montgomery County, Alabama and request that she, Melissa Rittenour, to please check on why he not been released before July 12, 2005. Melissa Rittenour immediately took affirmative action to alert Gina Savage of the extended incarceration of Plaintiff beyond the release date and to release him immediately. Plaintiff was released on July 12, 2005 which was forty-two (42) days beyond the proper and scheduled date of May 30, 2005.

Plaintiff asserts that Gina Savage, the Montgomery County Detention Director,(1) did not act "reasonably" as to the improper incarceration of Plaintiff beyond the release date of May 30, 2005 and (2) failed to respond to Plaintiff when he clearly "begged and pleaded" with the detention guards to look into his situation as being held over and beyond his release date.

The Court addressed the "reasonable" standard in *Marsh v Butler County, Alabama*, 268 F. 3d 1014 (11th Cir. 09-26/2001)

[136] ....Under the doctrine of **qualified immunity**, government officials sued for damages for injuries arising out the performance of their discretionary functions must be "shown to have violated `clearly established statutory or constitutional rights of which a reasonable person would have known.'" Conn v. Gabbert, 526 U.S. 286, 290 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). As the Supreme Court has explained, "**qualified immunity** seeks to ensure that defendants `reasonably can anticipate when their conduct may give rise to liability,' by attaching liability only if `[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" United States v. Lanier, 520

U.S. 259, 270 (1997) (citations omitted). "This is not to say that an official action is protected by **qualified immunity** unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted). "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Saucier v. Katz, ___ U.S. ___, 121 S. Ct. 2151, 2156 (2001). Thus, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

**Plaintiff asserts here, that Gina Savage acted unreasonably by failing to release Plaintiff on May 30, 2005 and again each and every day thereafter until contacted by the Clerk of Circuit Court of Montgomery County, Alabama on July 12, 2005. Following Conn v. Gabbert, 526 U.S. 286, 290 (1999), in the light most favorable to Plaintiff, Defendant's behavior is deemed unreasonable.**

**Defendant is not entitled to immunity and Defendant's motion is due to be** DENIED.

_/s/ J. Scott Hooper_
J. Scott Hooper, Attorney for Plaintiff

of counsel:
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36123-0894
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th of July 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Constance Walker
Thomas Gallion, III
Haskell Slaughter Young & Gallion
P.O. Box 4660
Montgomery, AL 36103-4660

/s/ J. Scott Hooper