

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUL 26 P 6: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MITCHELL BRACKNELL, | ] | |
| Plaintiff, | ] | |
| v. | ] | Civil Action No. 2:06cv311.WKW |
| MONTGOMERY COUNTY COMMISSION, etc., et al., | ] | |
| Defendants. | ] | |

**REPLY BRIEF OF DEFENDANT GINA M. SAVAGE**

**COMES NOW** Defendant Gina M. Savage, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and files the following Reply Brief in Response to “Plaintiff's Objection to Defendant's Motion to Dismiss and Supporting Memoranda of Law.”

## I. Introduction

On April 6, 2006, Plaintiff Mitchell Bracknell filed a Complaint against (1) the Montgomery County Commission; (2) Sheriff D.T. Marshall; and (3) several fictitious Defendants. (Complaint,¶¶ 2-4) Plaintiff subsequently amended his Complaint to assert claims only against Defendant Gina M. Savage, the Director of the Montgomery County Detention Facility. (Am. Complaint , ¶ 2) Plaintiff asserted claims for wrongful detention in violation of the Fourth Amendment (Count I); wrongful detention in violation of the Fourteenth Amendment (Count II); negligent training in violation of the Fourteenth Amendment (Count III); Negligence (Count IV); Wantonness (Count V); and Willfulness (Count VI).

On June 21, 2006, Defendant Savage filed a Motion to Dismiss. Defendant asserted (1) that Plaintiff's federal official capacity claims against Savage were barred by the Eleventh Amendment; (2) that Plaintiff's claims for illegal detention and negligent failure to train under the Fourth and Fourteenth Amendments should be dismissed because Plaintiff was convicted at the time of the events alleged in his Complaint and therefore the Fourth and Fourteenth Amendments (which are applicable to arrestees and pretrial detainees) were not applicable; (3) that Savage was entitled to qualified immunity with respect to Plaintiff's federal claims because Plaintiff had failed to adequately plead a constitutional violation or supervisor liability, and because Plaintiff had failed to establish that Defendant Savage had violated clearly established law; (4) that any Section 1983 claim based on negligence was due to be dismissed; (5) and that Defendant Savage was entitled to immunity with respect to Plaintiff's state law claims asserted in Counts IV, V and VI.

On July 19, 2006, Plaintiff filed an "Objection to Defendant's Motion to Dismiss and Supporting Memoranda of Law." Plaintiff only addressed the defense of qualified immunity and argued that Defendant Savage acted unreasonably by not releasing the Plaintiff from incarceration after he "begged and pleaded **with detention guards** to look into his situation as being held over and beyond his release date." (Objection, p. 2, ¶ 3)(emphasis added).

## II. Argument

### A. Plaintiff's failure to address the defenses on the underlying constitutional violations requires dismissal of the Amended Complaint.

Defendant Savage argued in the Motion to Dismiss that the claims for wrongful detention and negligent failure to train under the Fourth and Fourteenth Amendments

(Counts I, II and III) were due to be dismissed because Plaintiff was a convicted prisoner and therefore these amendments were not the proper source of constitutional protection for the Plaintiff in this case. *Hamm v. DeKalb County,* 774 F.2d 1567, 1572 (11th Cir. 1985); *see also, McCurry v. Moore,* 242 F.Supp.2d 1167, 1179 (N.D.Fla. 2002); *Armstrong v. Squadrito,* 152 F.3d 546, 570-571 (7th Cir. 1998). Because the Fourth and Fourteenth Amendments did not provide constitutional protection for the Plaintiff at the time of the events alleged in the Amended Complaint, he has failed to state a claim for violation of his constitutional rights in Counts I, II and III of the Amended Complaint. Plaintiff did not even address this argument in his Objection to the Motion to Dismiss. Counts I, II and III, which are based on alleged violations of the Fourth and Fourteenth Amendments, should therefore be dismissed.

**B. Plaintiff's failure to address the defense of immunity to state law claims requires dismissal.**

Defendant Savage also argued in her Motion to Dismiss that the Plaintiff's state law claims were due to be dismissed because she was entitled to immunity under Art. I, § 14 *Const. of Ala. 1901,* and State-agent immunity. Plaintiff also failed to address these arguments. It therefore appears that Plaintiff does not object to the dismissal of these state law claims. Plaintiff's state law claims in Counts IV, V and VI should therefore be dismissed.

**C. Defendant Savage is entitled to qualified immunity.**

In evaluating a defense of qualified immunity, the court must determine whether a complaint states a claim for a constitutional violation. *Siegert v.Gilley,* 500 U.S. 226, 232 (1991)("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the

determination of whether the plaintiff has asserted a violation of a constitutional right at all"). If the plaintiff cannot establish a constitutional deprivation, the inquiry is over for it naturally follows that if there is no constitutional deprivation, the right is not clearly established and the official is entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

In this case, the underlying constitutional violations based on the Fourth and Fourteenth Amendments are due to be dismissed because these amendments are not the proper source of constitutional protection for the Plaintiff, a convicted prisoner. Therefore, because Plaintiff has failed to plead a constitutional violation against Defendant Savage based on the Fourth and Fourteenth Amendments, Defendant Savage is entitled to qualified immunity for the claims asserted in the Amended Complaint.

Plaintiff's Amended Complaint also fails to allege any personal involvement by Defendant Savage, or a causal connection between any acts of Savage and the Plaintiff's alleged constitutional deprivation. As previously argued in Defendant Savage's Motion to Dismiss, Savage was the Director of the Montgomery County Detention Facility. Plaintiff attempts to hold Savage responsible for his illegal detention and an alleged negligent failure to train her subordinates. In the Amended Complaint, Plaintiff merely alleges that Defendant Savage acted unreasonably by not releasing the Plaintiff from incarceration after he "begged and pleaded **with detention guards** to look into his situation as being held over and beyond his release date." (Objection, p. 2, ¶ 3)(emphasis added). There is no allegation that Defendant Savage was ever made aware that Plaintiff was begging and pleading to the detention guards or that Defendant Savage had any knowledge about Plaintiff's alleged illegal detention. Without any allegations of personal involvement,

Plaintiff's claims fail to satisfy the heightened pleading requirement in this Circuit and must be dismissed. *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. 1998); *Smith v. Alabama*, 996 F.Supp. 1203, 1212 (M.D. Ala. 1998).

With respect to Plaintiff's negligent failure to train claim, there is also no allegation of a widespread history of abuses or any allegation that there was any unconstitutional policy implemented by Defendant Savage. *Braddy v. Florida Dept. of Labor & Employment Sec.,* 133 F.3d 797 (11th Cir. 1998); *Rivas v. v. Freeman,* 950 F.2d 1491 (11th Cir. 1991). Plaintiff has failed to adequately plead his Section 1983 claims against Defendant Savage, and Defendant is therefore entitled to qualified immunity. *Smith v. Alabama,* 996 F. Supp. at 1212.

Plaintiff has also failed to allege or demonstrate that Defendant violated clearly established law. Defendant Savage is entitled to qualified immunity because the rights Plaintiff claims were violated (Fourth and Fourteenth Amendment) were not clearly established so that a reasonable Detention Director in the shoes of Defendant Savage would have understood that her actions were unconstitutional. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v Katz,* 533 U.S. at 202. The applicable law "'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) *quoting Anderson v. Creighton,* 483 U.S. 635, 640 (1987). In determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was

unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741.

In his Objection, Plaintiff sets forth a broad generalized statement of the law regarding qualified immunity, and claims that Defendant Savage is not entitled to qualified immunity because she did not act reasonably. (Objection, p. 3) This is not sufficient to strip Defendant Savage of qualified immunity in this case. Analyzed objectively, and in light of binding precedent at the time of the events alleged in Plaintiff's Amended Complaint, there was nothing sufficient to give Defendant Savage "fair warning" that her acts, as alleged in the Amended Complaint, amounted to a violation of the Fourth and Fourteenth Amendments. Defendant Savage is therefore entitled to qualified immunity. *Hope,* 536 U.S. at 741.

**WHEREFORE THE PREMISES CONSIDERED,** Defendant Savage respectfully requests that this Court dismiss each count of the Plaintiff's Amended Complaint award Defendant any other relief to which she may be entitled.

Constance C. Walker (ASB 5510-L66C)
Attorneys for Defendant Gina M. Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone: (334) 265-8573
Facsimile: (334) 264-7945

**CERTICATE OF SERVICE**

I here by certify that I have served a copy of the foregoing upon the following counsel by placing a copy of the same in the United States mail, postage prepaid, this the 26 day of July, 2006:

J. Scott Hooper
The Hooper Law Firm, PC
Post Office Box 230894
Montgomery, Alabama 36123-0894
(334) 271-1555
(334) 271-1552 (Facsimile)

Of Counsel