IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-311-WKW |
| ) | |
| MONTGOMERY COUNTY ) | |
| COMMISSION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Gina M. Savage's ("Savage") Motion to Dismiss (Doc. # 17). For the reasons that follow, Defendant's motion is GRANTED with leave for the Plaintiff to amend the complaint consistent with this opinion.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Mitchell Bracknell ("Plaintiff" and sometimes referred to as "Bracknell") filed his original Complaint (Doc. # 1) against The County Commission of Montgomery County Alabama, Sheriff D.T. Marshall, and various fictitious defendants.  Bracknell alleged that the collective defendants (1) violated his civil rights under 42 U.S.C. § 1983; (2) violated his Fourth and Fourteenth Amendment rights under the United States Constitution; (3) were generally negligent in their alleged deprivation of his liberty, and in training of jail personnel; and (4) were wanton and willful in their actions.  For purposes of a motion to dismiss, the court must accept the following facts as true.

Plaintiff alleges that "[o]n January 6, 2005[,] [he] was incarcerated by the Circuit Court of Montgomery County and sentenced for a period of six months." (Compl. ¶ 5.)  Plaintiff was given

a credit of thirty-seven days for time served as an incarcerated inmate and was to be released on May 30, 2005. However, Plaintiff was not released from his detention until July 12, 2005, a full forty-two days after his release date. Plaintiff contends that during his alleged unlawful detention, he "begged and pleaded with the jail personnel to check on his release date and his requests were ignored . . . ." (Compl. ¶ 6.) Bracknell alleges that he was injured by the Defendants because of his prolonged detention.

On June 15, 2006, Plaintiff filed his Amended Complaint (Doc. # 13) naming Gina M. Savage, Director of the Montgomery County Detention Facility, as a party defendant. Plaintiff *sua sponte* dismissed the Commission, Sheriff Marshall, and the fictitious defendants as parties to this action. Bracknell alleges, however, the same counts against Savage, except the original claim of negligent training. Because Bracknell's Amended Complaint lacks the original allegation of negligent training, the court assumes that Plaintiff has abandoned this claim.[1]

## II. STANDARD FOR DISMISSAL

"Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted." *Gorman v. Roberts*, 909 F. Supp. 1493, 1497 (M.D. Ala. 1995). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577 (11th Cir. 1986)). The Court must accept all factual allegations as true and view them

---

[1] Even if this count were included in the Amended Complaint, it would be subject to dismissal on the merits because it is a state-law claim and the defendant is immune from suits, both individually and in her official capacity, under the Alabama Constitution. *See infra* pp. 3-5.

in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

Savage contends that this action should be dismissed because she is entitled to absolute immunity as to the constitutional claims against her in her official position as Director of the Montgomery County Detention Facility, and she is entitled to qualified immunity on the constitutional claims for her actions in her individual capacity. Savage further submits that she is entitled to absolute immunity as to Plaintiff's state law claims. Savage also argues that the Plaintiff fails to state a claim under either the Fourth or Fourteenth Amendment. The court will now address the merits of Savage's arguments.

  *A.  Absolute Immunity as to State and Federal Claims.*

Defendant Savage argues that she is entitled to absolute immunity in her *official position* as the Director of the Montgomery County Detention facility, as well as state-agent immunity in her capacity as a State official for all alleged state-law claims. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment effectively bars any suit against the States for money damages brought by citizens of that state. The Eleventh Amendment not only applies to suits brought against a State within the State's courts, but also applies "to suits brought in federal court by citizens of that state." *Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998). "A suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). A suit against a state official in her official capacity is essentially a suit against the state, and therefore "a state official sued in [her] official capacity [is] also protected by the [Eleventh Amendment]." *Harbert Intern., Inc.*, 157 F.3d at 1277.

"Under Alabama law, because sheriffs are deemed 'executive officers of the state,' lawsuits against sheriffs in their official capacities are, in essence, lawsuits against the state." *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Further, a deputy sheriff is the "alter ego of the sheriff" and, because of a deputy's agent relationship to the sheriff, is entitled to absolute immunity. *See Carr*, 916 F.2d at 1526. County jailers are also afforded absolute immunity because of their close working relationship with the sheriff. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997). The Eleventh Circuit has extended the concept of sovereign immunity[2] to intentional tort claims against a sheriff and deputy sheriff. *See McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996) (citing *Tinney v. Shores*, 77 F.3d 378 (11th Cir. 1997)).

Plaintiff sued Savage in her official capacity for compensatory and punitive damages. Absent from Plaintiff's complaint is declaratory or injunctive relief, which are both explicit exceptions under absolute immunity of a state official. *See Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Karrick v. Johnson*, 659 So.2d 77, 79 (Ala. 1995) ("Under Article I, § 14, of the Alabama Constitution of 1901, the only exceptions to the sovereign immunity of sheriffs are actions brought

---

[2] The terms sovereign immunity and absolute immunity are used interchangeably, as they relate to the impenetrable immunity Alabama affords to its State officials.

(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute."). It is well established that any claims for damages against Savage in her official capacity as Director of the Montgomery County Detention Facility are barred because she is a state official and, as such, is entitled to absolute immunity.[3] Therefore, all claims under federal law against Defendant Savage in her official capacity as Director of the Montgomery County Detention Facility are DISMISSED. Further, Plaintiff sued Savage on state-law theories of negligence, wantonness, and willfulness. Plaintiff's state-law claims are due to be DISMISSED because of the immunity Alabama affords sheriffs, deputy sheriffs, and jailers.[4]

> B.  *Fourth and Fourteenth Amendment Claims*.

Defendant argues that Plaintiff has no cause of action under either the Fourth or Fourteenth Amendment to the United States Constitution. Defendant contends that the Fourth and Fourteenth Amendments apply only to "arrestees and pretrial detainees," rather than Plaintiff who was already convicted and serving his sentence in the detention facility. (Def.'s Br. 4.)

---

[3] Savage asserts that she is entitled to absolute immunity because of her position as Director of the Montgomery County Detention Facility. Even though the court agrees that Savage is entitled to absolute immunity as a state official, it is not clear whether she was acting as a deputy sheriff or a jailer. The Montgomery County Detention Facility is a subunit of the Sheriff's Office. Notwithstanding the label attached to her position, Savage is nevertheless entitled to absolute immunity from Plaintiff's claims because of her position as either a jailer of deputy sheriff.

[4] The Alabama Supreme Court, in *Ex parte Sumter County*, has recognized that State-Agent immunity, initially discussed in *Ex Parte Cranman*, 792 So.2d 392 (Ala. 2000) in no way affects absolute immunity afforded by the State to sheriffs for their actions. __ So.2d __, WL 2790036 (Ala. Sept. 29, 2006). The proper analysis of claims against a sheriff or jailer is under the framework of absolute immunity, rather than state-agent immunity.

Plaintiff is in essence complaining that he was falsely imprisoned by Savage. A false imprisonment claim is properly analyzed under the Fourteenth Amendment, rather than under the Fourth Amendment protection against unlawful search and seizure.[5] *See Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir. 1993) (holding that the plaintiff must establish that an imprisonment "worked a violation of fourteenth amendment due process rights."); *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) (noting that the fourteenth amendment governs false imprisonment actions); *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) (due process clause of the fourteenth amendment protects an individual from detention after his release date). Because Plaintiff's claims are properly analyzed under the framework of substantive due process of the Fourteenth Amendment, his Fourth Amendment claims are DISMISSED.

C.   *Qualified Immunity*.

The survival of any claims against Savage individually under the facts alleged by plaintiff rests on qualified immunity analysis. The defendant argues that the plaintiff fails to state a claim upon which relief can be granted, but if any claims are stated, then she is entitled to qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). While qualified

---

[5] Other circuits have held that the continued detention of an individual beyond the terms of his sentence constitutes a violation of the Eighth Amendment prohibiting cruel and unusual punishment. *See Golson v. Dep't of Corrections*, 914 F.2d 1491 (Table), 1990 WL 141470, *1 (4th Cir. Oct. 2, 1990); *Niire v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993). Plaintiff has only pled a violation of the Fourth and Fourteenth Amendment, and has not raised the issue of a continued detention violating the Eight Amendment. However, whether the court applies the Eighth or Fourteenth Amendment to the facts of this case, the result is the same.

immunity is typically addressed at the summary judgment stage, the defense may be raised and considered on a motion to dismiss. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). "To be even potentially eligible for qualified immunity, the official has the burden of establishing that he was acting 'within the scope of his discretionary authority.'" *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004) (quoting *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995)).

Once it is established that the defendant was acting within her discretionary authority, the burden shifts to the plaintiff to prove that qualified immunity is not warranted. *Vinyard*, 311 F.3d at 1346. The Supreme Court has articulated a two-part test in the qualified immunity analysis. First, the court must determine whether the plaintiff's allegations establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (stating that the court must evaluate the complaint to determine if, assuming the allegations are true, it pleads a cognizable violation of the constitution). If this is answered in the affirmative, the court's next step is to determine whether the right in question was clearly established. *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.* at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (stating that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established.")). In essence, a defendant is entitled to "fair warning" that her alleged conduct would be unconstitutional. *Hope*, 536 U.S. at 741.

It has been established in the Eleventh Circuit that an individual has a constitutional right to be "free from continued detention after it was or should have been known that the detainee was

entitled to release . . . ." *Cannon*, 1 F.3d at 1563; *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 (M.D. Ala. 2005) (acknowledging that an individual has a constitutional right to be free from illegal incarceration); *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1968); *Douthit v. Jones*, 619 F.2d 527 (5th Cir. 1980) (holding that a detention of thirty days beyond the sentence imposed on an individual is sufficient to establish a deprivation of due process).[6] In establishing a *prima facie* case of unlawful detention, Plaintiff must fulfill the common law elements of unlawful imprisonment: "(1) [the Defendant's] intent to confine, (2) [Defendant's] acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." *Orega v. Christian*, 85 F.3d 1521, 1527 n.2 (11th Cir. 1996).

"The defendant's state of mind is . . . relevant to a § 1983 claim for substantive due process violations." *Cannon*, 1 F.3d at 1563. "[A] showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the fourteenth amendment." *Id.* at 1565. "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm with result." *Fleming v. Dowell*, 434 F. Supp. 2d 1138, 1149 (M.D. Ala. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

"In evaluating claims of qualified immunity, the Eleventh Circuit imposes a 'heightened pleading requirement' on plaintiffs." *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998) (quoting *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is

---

[6] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard,* 661 F.3d 1206 (11th Cir. 1981).

particularly true in cases involving qualified immunity, where [the court] must determine whether a defendant's actions violated a clearly established right." *GJR Investments, Inc.*, 132 F.3d at 1367. "[Plaintiff] must come forward with specific facts, concerning [Savage], indicating that [Savage] has violated his fourteenth amendment rights." *Smith*, 996 F. Supp. 1203 at 1212.[7]

Plaintiff's Amended Complaint is not artfully drafted. While the pleading deficiencies noted in the following discussion require dismissal of the Amended Complaint as drafted, the court recognizes that Plaintiff has pled facts sufficient to support a claim which would entitle him to relief *from someone* under relevant Eleventh Circuit precedent: he plainly alleges that he was illegally incarcerated beyond his sentence in violation of his Fourteenth Amendment liberty rights. As noted above, these facts, if proved, suggest a clearly established constitutional violation. As pled, however, the Amended Complaint is woefully inadequate.

Based upon the totality of Plaintiff's complaint, Plaintiff has not sufficiently pled enough facts to suggest that Defendant Savage violated his substantive due process right of liberty. On the face of his complaint, Plaintiff alleges that he was deliberately confined in the Montgomery County Detention Facility from May 30, 2005, until July 12, 2005, against his will. However, the Amended Complaint fails to identify Savage as the official who was deliberately indifferent to Plaintiff's liberty rights. Plaintiff states that he "begged and pleaded" with the *jail personnel* to ascertain his release date, and the jail personnel were indifferent to his requests. (Amended Compl. ¶4.) (emphasis

---

[7] The United States Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), stated that "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court offered the example of the heightened standard some circuits require in § 1983 suits against municipalities, and a similar standard used in employment discrimination suits. The validity of the heightened pleading standard is not for this court to decide. This court is guided by the Eleventh Circuit's body of law, and heightened pleading is required if a defendant proffers a defense based upon qualified immunity.

added). Plaintiff has not sufficiently established how Defendant Savage was involved in the alleged due process violation nor whether she was a member of the jail personnel to whom he complained. He further has not alleged that Defendant Savage somehow knew, should have known, or had a duty to know of his continued incarceration and was therefore deliberately indifferent generally to his continued detention, and specifically to his requests for release. On the contrary, Plaintiff has explicitly indicated that he "begged and pleaded with the *subordinates* of Gina Savage to release him. . . ." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2.) (emphasis added).

Plaintiff alleges that "[a]s a result of Defendant's negligent training of its police officers, Defendant's actions against Bracknell were an action of conscious disregard for the consequences to Plaintiff in violation of Plaintiff's Fourteenth Amendment Rights." (Amended Compl. ¶ 15.) The Amended Complaint neglects to allege deliberate indifference, a necessary ingredient of the Fourteenth Amendment claim.[8] Plaintiff must show more than mere acts of negligence and conclusory theories of supervisor liability in order to establish the deliberate indifference necessary to satisfy a violation of substantive due process. Additionally, the Amended Complaint mixes elements of state law claims with the alleged constitutional violation. For example, Plaintiff alleges that as a result of negligent actions, Savage consciously disregarded his constitutional rights.

To the extent that Plaintiff claims that Defendant Savage is responsible for the actions of the jail personnel through a theory of respondeat superior, his claims are not cognizable under § 1983. *See Braddy v. Fl. Dept. of Labor and Empl. Sec.*, 133 F.3d 797, 801 (11th Cir. 1998). However, Defendant Savage, as Director, acts in a supervisory role in the Detention Facility. Plaintiff may allege supervisory liability, if he can establish that "[Savage] personally participated in the violation"

---

[8] The court credits "conscious disregard" as an attempt to allege deliberate indifference.

or "that there was a casual connection between the actions of [Savage] and the violation." *Smith*, 996 F. Supp. 1203, 1212 (*citing Braddy*, 133 F.3d at 801-02). "The casual connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Id.* at 1212-13 (citing *Braddy,* 133 at 802). The complaint alleges only that Defendant Savage managed and trained the jail personnel of whom requests were made by Plaintiff for his release. However, Plaintiff does not allege that Defendant Savage was personally involved in the alleged deprivation of his liberty nor does Plaintiff show "widespread abuse" necessary to establish a casual connection of supervisory liability.

Plaintiff's Fourteenth Amendment claim for violation of his liberty rights due to deliberate indifference, while pled sufficiently in the factual realm as to *someone*, must be repled in accordance with the dictates of this Opinion.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that

1. Defendant's Motion to Dismiss (Doc. # 17) is GRANTED;

2. All claims against the defendant in her official capacity as Director of the Montgomery County Detention Facility are DISMISSED with prejudice;

3. Plaintiff's Fourth Amendment claim is DISMISSED with prejudice;

4. All state law claims against the defendant are DISMISSED with prejudice; and

5. This case will be DISMISSED, unless within 14 days of the filing of this Memorandum Opinion and Order Plaintiff files an amended complaint alleging

sufficient facts and legal theories indicating that Defendant Savage, either personally or through her position as a supervisor, violated his liberty rights, or that other individuals were deliberately indifferent to his liberty rights. The amended complaint SHALL NOT adopt by reference any prior complaint or portion thereof, nor shall it restate claims which have been dismissed with prejudice.

DONE this 29th day of March, 2007.

                                        /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE