IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MITCHELL BRACKNELL,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 2:06cv311-WKW |
| ) | |
| **MONTGOMERY COUNTY** ) | |
| **COMMISSION, etc., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** Defendant Gina Savage, pursuant to Rule 12(b)(6), Fed.R.Civ.P., and moves this Court to dismiss all claims asserted against her in the Plaintiff's Amended Complaint (Doc. # 26-1). As grounds therefore, Defendant shows unto the Court as follows:

### INTRODUCTION

Defendant Gina Savage is sued in her individual capacity solely because she is the Director of the Montgomery County Detention Facility, with supervisory authority over the personnel at the Montgomery County Detention Facility. In Plaintiff's Amended Complaint, Plaintiff alleges only the following against Defendant Gina Savage:

> 8.  Further Gina Savage through her position as a supervisor over Bowe, Wrinberg, and Bryant was deliberately indifferent to Plaintiff's liberty rights by not communicating with her officers, or having safeguards in place to prevent an inmate from remaining incarcerated beyond the release date.

(Amended Complaint, ¶ 8)

Plaintiff's Amended Complaint contains only conclusory allegations that Defendant Savage was deliberately indifferent to his liberty interests by not communicating with the officers

or having safeguards in place to prevent inmates from remaining incarcerated past their release date. However, there is no allegation in the Amended Complaint that Defendant Savage was or had reason to be on notice that Plaintiff was being denied his liberty by being held past his release date. The allegations against Defendant Savage are nothing more than broad, generalized legal conclusions alleging that as the Director of the Montgomery County Detention Facility, with ultimate responsibility for all personnel at the Montgomery County Detention Facility, Defendant Savage failed to train and/or supervise subordinates. There are no allegations of fact directed toward Director Savage in any way demonstrating how, as a matter of proximate cause, what she actually did, when, where, and how, in any way contributed to Plaintiff's alleged damages, other than the fact she was the Director of the Detention Facility. Additionally, the Amended Complaint is defective because there are no allegations of fact that there have been prior incidents of improper incarceration of inmates past their release dates such that the need for additional specific training would be apparent to a reasonable public official. As a matter of pleading, there are insufficient facts alleged in the Amended Complaint to support a theory of failure to train or supervise.

**DISCUSSION**

**Standard of Review**

"The standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 21 L.Ed.2d 80 (1957). All facts set forth in the complaint are to be accepted as true and the court limits it consideration to the pleadings and exhibits attached thereto. *See* Fed.R.Civ.P. 10(c)." *G.S.W., Inc. v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

A motion to dismiss should be granted when it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, the court may dismiss a complaint pursuant to Fed.R.Civ.P.12(b)(6) when no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ. v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Additionally, when governmental officials sued in their individual capacities have asserted the defense of qualified immunity, the Eleventh Circuit has imposed a "heightened pleading requirement." *GJR Investments, Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1367 (11th Cir. 1998). In determining whether the plaintiff has stated a claim, the court is "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *GJR Investments,* 132 F.3d at 1367.

Under the "heightened pleading requirement" the plaintiff's complaint must contain detailed allegations and specific facts concerning each defendant, which indicates what each defendant did that resulted in a violation of a clearly established federal right. *Taylor v. State of Alabama,* 95 F.Supp.2d 1297, 1313 (M.D.Ala. 2000). "Otherwise, the court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity . . ." *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

### *Respondeat Superior* is not actionable under § 1983

There are no allegations in the Amended Complaint against Director Savage that she personally participated in causing Plaintiff's incarceration past his release date.  Therefore, to the extent Plaintiff is attempting to hold Director Savage liable for the acts of her subordinates pursuant to a theory of *respondeat superior,* these claims are due to be dismissed. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *accord, City of Canton v. Harris*, 489 U.S. 378, 392 (1989). *Braddy*

*v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 801-02 (11th Cir. 1998); *Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992); *Collins v. School Bd. of Dade County, Florida*, 981 F.2d 1203, 1206 n. 6 (11th Cir. 1993).

### Plaintiff's Eighth Amendment Claim is Due to be Dismissed.

Plaintiff has sued Director Savage alleging a violation of the Eighth and Fourteenth Amendments to United States Constitution. As set forth in the Court's order granting Defendant Savage's original motion to dismiss, (Doc. #23-1), Plaintiff's claims are cognizable under the Fourteenth Amendment to the United States Constitution. (Doc. #23-1,, p. 6). As such, the Eighth Amendment is inapplicable, and this claim should therefore be dismissed. *Cannon v. Macon County*, 1 F. 3d 1558, 1563 (11th Cir. 1993) (plaintiff must establish that an imprisonment "worked a violation of fourteenth amendment due process rights").

### All claims against Director Savage in her official capacity should be dismissed.

Although it is not clear, Plaintiff's Amended Complaint appears to also assert claims against Director Savage in her official capacity as Director of the Detention Facility. These claims should also be dismissed because Director Savage is entitled to immunity under the 11th Amendment to the United States Constitution. *Harbert Intern, Inc. v. James,* 157 F3rd 1271, 1277, (11th Cir. 1998); *Lancaster v. Montor County, Ala.,* 116 F3rd 1419, 1429 (11th Cir. 1997). Director Savage in her official capacity is also not a person subject to suit under Section 1983, and therefore all claims against her in her official capacity should be dismissed. *Will v. Michigan Dept. of State Police,* 491 U.S. 59, 71 (1989).

### Director Savage is entitled to Qualified Immunity.

In evaluating a defense of qualified immunity, the court must determine whether a complaint states a claim for a constitutional violation. *Siegert v. Gilley,* 500 U.S. 226, 232

(1991)("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all"). If the plaintiff cannot establish a constitutional deprivation, the inquiry is over for it naturally follows that if there is no constitutional deprivation, the right is not clearly established and the official is entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Plaintiff's Amended Complaint fails to allege any personal involvement by Defendant Savage, or a causal connection between any acts of Director Savage and Plaintiff's alleged constitutional deprivation. As previously argued in Defendant Savage's Motion to Dismiss Plaintiff's original Complaint, Savage was the Director of the Montgomery County Detention Facility. In the Amended Complaint, Plaintiff merely alleges that Director Savage was deliberately indifferent to his liberty rights by not communicating with her officers, or having safeguards in place to prevent an inmate from remaining incarcerated beyond the release date. (Amended Complaint, ¶8). There is no allegation that Defendant Savage was ever made aware that Plaintiff was begging and pleading to the detention guards that he be released, or that Defendant Savage had any knowledge about Plaintiff's alleged illegal detention. Without any allegations of personal involvement, Plaintiff's claims fail to satisfy the heightened pleading requirement in this Circuit and must be dismissed. *GJR Invs., Inc. v. County of Escambia,* 132 F.3rd 1359, 1367 (11th Cir. 1998); *Smith v. Alabama,* 996 F.Supp. 1203, 1212 (M.D. Ala. 1998).

With respect to Plaintiff's attempt to establish supervisory liability, Plaintiff's Amended Complaint against Director Savage is also deficient. "To state a claim in § 1983 actions where a defendant/supervisor was not present when the alleged constitutional violation occurred, as here, the standard for imposing liability upon the supervisor is "extremely rigorous." *Adams v. Franklin,*

111 F.Supp. 1255, 1265 (M.D. Ala. 2000) (*quoting Braddy v. Florida Dept. of Labor and Employment Security,* 133 F.3rd at 802).

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

*Braddy*, 133 F.3d at 802 (*quoting Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); *Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir. 1990) (no supervisor liability unless there was evidence of a "history of widespread prior abuse" such that the sheriff was "on notice of the need for improved training or supervision"); S*ims v. Glover*, 84 F.Supp.2d 1273, 1284-85 (M.D.Ala. 1999).

Plaintiff's Amended Complaint fails to allege any widespread history of abuses - i.e., any history of the detention facility incarcerating inmates past their release dates that is "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Braddy,* 133 F.3d at 802; *Brown*, 906 F.2d at 671; *see also Gold v. City of Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998); *Gold v. City of Miami*, 121 F.3d 1442, 1447 (11th Cir. 1997); *Tennant v. State of Florida*, 111 F.Supp.2d 1326, 1332-33 (S.D.Fla. 2000). Plaintiff has therefore failed to adequately plead a claim based on supervisory liability against Director Savage. Plaintiff's claims against Director Savage should therefore be dismissed.

Plaintiff has also failed to allege or demonstrate that Defendant violated clearly established law. Director Savage is entitled to qualified immunity because the rights Plaintiff claims were violated were not clearly established so that a reasonable Detention Director in the shoes of Defendant Savage would have understood that her actions were unconstitutional. "The relevant,

dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. at 202.  The applicable law "'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) *quoting Anderson v. Creighton,* 483 U. S. 635, 640 (1987).  In determining whether the unlawfulness of an official's actions was clearly established, "the salient question…is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning the [his] alleged treatment of [the plaintiff] was unconstitutional."  *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003)  *quoting Hope,* 536 U.S. at 741.  Analyzed objectively, and in light of binding precedent at the time of the events alleged in Plaintiff's Amended Complaint, there was nothing sufficient to give Defendant Savage "fair warning" that her acts, <u>as alleged in the Amended Complaint</u>, amounted to a violation of the Fourteenth Amendment.  Defendant Savage is therefore entitled to qualified immunity.  *Hope,* 536 U.S. at 741.

## CONCLUSION

WHEREFORE, Director Savage respectfully moves this Court to enter an order dismissing all claims against her in the above action.

    /s/Constance C. Walker
    Thomas T. Gallion, III (ASB 5295-L74T)
    Constance C. Walker (ASB 5510-L66C)
    Attorneys for Defendant Gina M. Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
Telephone: (334) 265-8573
Facsimile: (334-264-7945

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of May, 2007, I electronically filed the foregoing with the clerk of the court using the CM/ECF system that will send notification of such filing to the following counsel.

J. Scott Hooper
The Hooper Law Firm, P.C.
Post Office Box 230894
Montgomery, Alabama  36123-0894
Telephone 334(271-1555
Facsimile: (334) 271-1552

                                              ___/s/Constance C. Walker
                                              Of Counsel