IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-311-WKW |
| ) | |
| MONTGOMERY COUNTY ) | |
| COMMISSION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Gina M. Savage's ("Savage") Motion to Dismiss (Doc. # 29). For the reasons that follow, the court will GRANT Savage's Motion to Dismiss.

**I. FACTS AND PROCEDURAL HISTORY**

On March 29, 2007, the court granted (Doc. # 23) Savage's prior Motion to Dismiss (Doc. # 17). The court dismissed all claims against Savage in her official capacity as Director of the Montgomery County Detention Facility, plaintiff's Fourth Amendment claim, and all state law claims. Plaintiff was granted leave to file an amended complaint that would conform to the heightened pleading standard required when qualified immunity is at issue. The court directed the plaintiff to allege "sufficient facts and legal theories indicating that Defendant Savage, either personally or through her position as a supervisor, violated his liberty rights, or that other individuals were deliberately indifferent to his liberty rights." (Doc. # 23 at 12.)

On April 16, 2007, the plaintiff filed his amended § 1983 complaint against Savage, and added Officers Bowe, Wrinberg, and Bryant as party defendants. Plaintiff claims that the collective defendants acted in violation of the Eighth and Fourteenth Amendments to the United States

Constitution by holding him in the Detention Center forty-two days in excess of his sentence of imprisonment. Plaintiff alleges that he begged and pleaded with Officers Bowe, Wrinberg, and Bryant to be released, but the officers ignored him. Plaintiff further alleges that Savage, after being contacted by the Clerk of Court, immediately released him. Moreover, the plaintiff avers that Defendant Savage, "through her position as a supervisor over Bowe, Wrinberg, and Bryant, was deliberately indifferent to Plaintiff's liberty rights by not communicating with her officers, or having safeguards in place to prevent an inmate from remaining incarcerated beyond the release date." (Amend. Compl. ¶ 8.) Plaintiff alleges that he was injured because of his wrongful incarceration.

On May 2, 2007, Savage filed her Motion to Dismiss the plaintiff's complaint. The plaintiff has failed to respond to Savage's Motion to Dismiss as of the date of this opinion, despite being ordered to show cause why the motion should not be granted (Doc. # 32).

## II. STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: " a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citation omitted). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* at 1964-65 (citations omitted); *see also Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) (stating that the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff).

### III.  DISCUSSION

Savage contends that the plaintiff's allegations against her should be dismissed because respondeat superior is not an actionable legal theory under § 1983; the Eighth Amendment is inapplicable to the plaintiff's allegations; she has immunity under the Eleventh Amendment for all allegations against her in her official capacity as Director of the Montgomery Detention Center; and she is entitled to qualified immunity as to all claims against her in any role she might have played in the alleged continued incarceration of plaintiff.  The court does not have the benefit of the plaintiff's responses to the defendant's arguments because the plaintiff failed to reply.  The court will now address the merits of the defendant's motion to dismiss.

*A.    Previously Dismissed Claims*

In the court's opinion dated March 29, 2007, it dismissed a number of the plaintiff's claims against Savage.  To the extent that the plaintiff alleges that Savage is responsible for his continued detention on the theory of respondeat superior, the court has already dismissed this claim. *See* (Doc. # 23 at 10 ("To the extent that Plaintiff claims that Defendant Savage is responsible for the actions of jail personnel through a theory of respondeat superior, his claims are not cognizable under § 1983.") (citations omitted).)  Further, to the extent that plaintiff alleges a cause of action against Savage in her official position as Director of the Montgomery Detention Facility, the court also dismissed those claims with prejudice.  *(Id.* at 3-5.)

Savage argues that the Eighth Amendment is inapplicable to this action and should be dismissed pursuant to this court's earlier opinion.  However, the court has not addressed whether the Eighth Amendment prohibition against cruel and unusual punishment applies to this situation.  It was explicitly stated that "[o]ther circuits have held that the continued detention of an individual beyond

the terms of his sentence constitutes a violation of the Eighth Amendment prohibiting cruel and unusual punishment." *(Id.* at 6, fn. 5.)  Although the plaintiff did not plead the Eighth Amendment in his initial complaint, the court concluded that the application of either the Eighth or Fourteenth Amendment to the facts of the plaintiff's case would yield the same results.  In his amended complaint, the plaintiff alleged that Savage violated the Eighth and Fourteenth Amendments as a consequence of her conduct.  However, the court cannot address substantive nature of the plaintiff's claim of an Eighth Amendment violation because he has failed to meet the heightened pleading standard required when qualified immunity is at issue.

### B.     *Heightened Pleading Standard*

"In evaluating claims of qualified immunity, the Eleventh Circuit imposes a 'heightened pleading requirement' on plaintiffs." *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998) (quoting *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims.  This is particularly true in cases involving qualified immunity, where [the court] must determine whether a defendant's actions violated a clearly established right." *GJR Investments, Inc.*, 132 F.3d at 1367. "[Plaintiff] must come forward with specific facts, concerning [Savage], indicating that [Savage] has violated his fourteenth amendment rights." *Smith*, 996 F. Supp. 1203 at 1212.

The plaintiff's newly amended complaint is essentially akin to that of his previously filed complaint that did not withstand dismissal.  As this court has stated before, "[p]laintiff may allege supervisory liability, if he can establish that '[Savage] personally participated in the violation' or 'that there was a causal connection between the actions of [Savage] and the violation." (Doc. # 23 at 10-11 (citations omitted).)  Moreover, "[t]he causal connection can be established when a history

4

of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *(Id.* at 11 (citations omitted).)

First, the plaintiff has failed to allege facts sufficient to establish that Savage personally participated in the alleged continued incarceration. The plaintiff only briefly references Savage by stating that "[t]he Clerk of Circuit Court . . . contacted the Director of the Detention Facility, Gina Savage. Plaintiff was therefore released immediately due to the actions of the Clerk." (Amend. Compl. ¶ 7.) This statement does not establish any personal involvement on the part of Savage. Second, the plaintiff has failed to allege facts sufficient to establish that Savage should be held responsible for his alleged continued incarceration under a theory of supervisory liability. Plaintiff avers that "Gina Savage through her position as supervisor over Bowe, Wrinberg, and Bryant was deliberately indifferent to Plaintiff's liberty rights by not communicating with her officers, or having safeguards in place to prevent an inmate from remaining incarcerated beyond the release date." (Amend. Compl. ¶ 8.) Granted, the plaintiff has added the term "deliberate indifference" to his complaint, but he has not defined the acts of deliberate indifference to which he refers. Allegations that Savage did not communicate with the officers or have safeguards in place do not constitute widespread abuse necessary to establish a causal connection needed for supervisory liability. Having again failed to properly allege Savage's role, either personal or supervisory, in his continued incarceration, plaintiff's complaint against Savage will be DISMISSED.

C.  *Additional Defendants*

The plaintiff's amended complaint added three detention officers as party defendants.

However, the plaintiff has yet to serve these additional defendants. Federal Rule of Civil Procedure 4(m) states the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . ."

Fed. R. Civ. P. 4(m). Bracknell's amended complaint was filed with the court on April 16, 2007. He has had over 130 days to serve these defendants, which he has failed to do. The plaintiff is notified that he shall serve the additional defendants on or before September 14, 2007, or the additional defendants will be dismissed from this action without prejudice.

### IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. Savage's Motion to Dismiss (Doc. # 29) is GRANTED;

2. All claims against Savage are DISMISSED with prejudice; and

3. The plaintiff is DIRECTED to serve Officers Bowe, Wrinberg, and Bryant, on or before September 14, 2007, or the court will dismiss them from this action without prejudice.

DONE this 28th day of August, 2007.

                /s/ W. Keith Watkins
                UNITED STATES DISTRICT JUDGE